IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSHUA JEROME HAYWARD | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv846 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION

Joshua Jerome Hayward, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

## Factual Background

On May 8, 2008, a federal grand jury returned a four-count First Superseding Indictment against movant and five co-defendants.  Pursuant to a written plea agreement, movant pled guilty to aiding and abetting carjacking, the offense alleged in the second count of the First Superseding Indictment.  He was sentenced to 170 months imprisonment.  Movant did not appeal his conviction or sentence.

## Grounds for Review

Movant asserts the government improperly failed to disclose evidence to him.  He also states he received ineffective assistance of counsel because counsel: (1) did not adequately explain the plea agreement to him and (2) did not tell him he could appeal the court's decision.

## Analysis

There are four separate grounds upon which a federal

prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Dorbny*, 955 F.2d 990, 994 (5th Cir. 1992)). Following conviction and exhaustion or waiver of any right to appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076 (1992). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude." *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under Section 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

*Failure to Disclose Evidence*

Movant states the prosecution failed to disclose favorable evidence to him.

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that the suppression of evidence favorable to a defendant violates the Due Process Clause, regardless of whether the prosecution acted in good faith. In order to prevail on a *Brady* claim, a movant must prove that the prosecution suppressed evidence that is materially favorable to the accused, either because it is exculpatory or impeaching. *Stickler v. Greene*, 527 U.S. 263 (1999); *Dickson v. Quarterman*, 462 F.3d 470, 477 (5th Cir. 2006). Evidence is material if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682.

While movant states he "did not receive [his] full motion of discovery," and that his conviction was obtained because of the unconstitutional failure of the prosecutor to disclose evidence that was favorable to him, he has not identified the evidence withheld or attempted to explain why such evidence would have been material to his case. As a result, the court is unable to conclude either that favorable evidence was suppressed or that there is a reasonable probability the result of the proceeding would have been different if the favorable evidence was

3

disclosed. This ground for review is therefore without merit.

*Ineffective Assistance of Counsel*

A. <u>Legal Standard</u>

In order to establish ineffective assistance of counsel, a movant must establ;ish counsel's performance was deficient, and that the deficient performance prejudiced the movant's defense in ths matter. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). As a movant must prove both deficient performance on the part of counsel and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995). To overcome the presumption that counsel rendered reasonable, professional assistance, a movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, a movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. Mere allegations of prejudice are insufficient; a movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance.

*Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071 (1995).

B. <u>Application</u>

1. <u>Failure to Adequately Explain Plea Agreement</u>

Movant states his counsel failed to explain to him that he was stating issues to be considered true that were not true when he signed his plea agreement.

The eleventh paragraph of movant's plea agreement provides as follows:

> **Representation of counsel**: Defendant has thoroughly reviewed all legal and factual aspects of this case with his/her lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received satisfactory explanations from his/her lawyer concerning each paragraph of this plea agreement, each of hi/her rights affected thereby, and the alternative to entering a guilty plea. After conferring with counsel, Defendant concedes that he/she is guilty and has concluded that it is in his/her best interest to enter this agreement rather than proceeding to trial.

Movant's current assertion that he did not understand the effect of his plea agreement is contradicted by the provision of the plea agreement quoted above. Moreover, movant does not state what provision of the plea agreement he did not understand or what issues he admitted to be true as a result of signing the plea agreement that were not true. As a result, the court is unable to conclude counsel's performance with respect to explaining the effect and contents of the plea agreement to movant fell below an objective standard of reasonableness. Nor can the court conclude the result of the proceeding would have been different if counsel had explained additional items to

5

movant.

### 2. Failure to Tell Movant He Could Appeal

Movant states counsel did not inform him of his right to appeal.

During movant's sentencing hearing, the court made the following statements:

> The court advises the defendant that he has the right to appeal his sentence if he believes that his guilty plea and plea agreement were involuntary, unlawful or fundamentally defective. He has waived the right to appeal, though he has reserved the right to appeal certain areas, but he has waived the right to appeal the sentence and the judgment and even collateral appeal. These waivers are enforceable. If you believe that it's unenforceable, present that theory to an appellate court.
>
> With few exceptions, any notice of appeal must be filed within ten (10) days of judgment being entered in your case.
>
> If you are unable to pay the cost of an appeal you can apply for leave to appeal *in forma pauperis*; and if you request, the clerk of court will prepare and file a notice of appeal in your behalf.

An attorney's failure to file a notice of appeal when requested by the client is "professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477(2000). When a defendant has not specifically expressed to counsel his wishes regarding an appeal, the preliminary inquiry is "whether counsel in fact consulted with the defendant about an appeal." *Id*. at 478. Under *Flores-Ortega*, "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. If counsel consults with the defendant, then counsel acts in a

6

"professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* If counsel has not consulted with the defendant concerning the filing of an appeal, the inquiry is whether counsel's failure to consult with the defendant itself constitutes deficient performance. *Id.*

Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, when there are non-frivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Id*. at 480. In making this determination, the court must take into account all the information counsel knew or should have known. *Id*. Although not determinative, a highly relevant factor in this inquiry is whether the conviction follows a trial or guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. *Id*. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. *Id*.

While the court informed movant as to his right to appeal,. in paragraph 10 of the plea agreement, movant waived his right to appeal his conviction and sentence on all grounds. He only

7

retained the right to appeal any punishment in excess of the statutory maximum and a claim of ineffective assistance of counsel that affected the validity of his waiver. In this case, there do not appear to have been any nonfrivolous appealable issues regarding the areas where movant retained his appellate rights.[1] Moreover, while the plea agreement did not specify a sentence, movant was sentenced within the statutory limit and within the applicable range under the Sentencing Guidelines. Although movant retained limited appellate rights, there was no reason for counsel to believe that a rational defendant would want to appeal under these circumstances. As a result, any failure on the part of counsel to consult with movant about an appeal did not constitute deficient performance and this ground for review is without merit.

## Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence is without merit. A final judgment shall be entered denying the motion to vacate.

In addition, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See*

---

[1] If movant had asked his attorney to file a notice of appeal, he would not be required to show that he had meritorious issues to appeal. *United States v. Tapp*, 491 F.3d 263, 2007 WL 1839277 at *2 (5th Cir. June 28, 2007) ("[T]he rule of *Flores-Ortega*, applies even where a defendant has waived his right to direct appeal and collateral review."). In this case, the waiver is relevant as to whether there was reason to believe that a rational defendant would want to appeal.

28 U.S.C. § 2253.  The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the movant need not establish that he would prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reasons, that a court could resolve the issues in a different manner, or that the questions presented are worth of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84.  If the motion to vacate was dismissed on procedural grounds, the movant must show that jurists of reason would find it debatable: (1) whether the motion to vacate raises a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling.  *Id*. at 484; *Elizalde*, 362 F.3d at 328.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the movant has not shown that any of the issues raised in the motion to vacate are subject to debate among jurists of reason or could be resolved in a different manner. Nor has he shown that the issues raised are worthy of encouragement to proceed further.  As a result, a certificate of

appealabiltiy shall not issue in this matter.

    **SIGNED** this the **5** day of **June, 2012.**

                                              _____
                                              Thad Heartfield
                                              United States District Judge